IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01939–WYD–KMT

BEVERLY ANN TWITCHELL,

    Plaintiff,

v.

STUART HUTTON, THOMAS WHIDDON, GLEN HAMMOND, all in their individual and official capacities,
UNKNOWN JOHN DOE SUPERVISORS, of the City of Steamboat Springs Police Services Department,
UNKNOWN JOHN DOE TRAINING PERSONNEL, of the City of Steamboat Springs Police Services Department,
J.D. HAYS, Chief of Police and Manager of the Department of Safety of the City of Steamboat Springs Police Services Department, and
THE CITY OF STEAMBOAT SPRINGS, COLORADO,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

    A settlement conference is hereby scheduled in this case for **April 5, 2011** in Courtroom C-201, Second Floor of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado. The conference will begin at **1:30 p.m.** and end no later than **5:00 p.m.**

    Counsel shall have parties present who shall have <u>full authority</u> to negotiate all terms and demands presented by the case, and <u>full authority</u> to enter into a settlement agreement, including an adjustor if an insurance company is involved. The presence of an insurance adjustor, however, <u>does not excuse</u> the attendance of the party represented.

    "**Full authority**" **means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency**. If the representative attending the settlement conference can only receive authority to increase a pre-determined amount of money by making a telephone

call to someone else, <u>the person to whom the phone call is made is the correct participant in the settlement conference</u>.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority."  **<u>This requirement is not fulfilled by the presence of counsel</u>**.

**<u>The court will consider awarding attorneys fees and costs against a participant in a settlement conference who arrives at the conference without full authority as outlined above.</u>**

No party shall be permitted to participate in the settlement conference by telephone, unless that party has obtained leave of court following the filing of an appropriate motion no later than five business days prior to the settlement conference date.  Such requests are not favored by the court.

No person is ever required to settle a case on any particular terms or amounts.  However, again, if any person attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and one <u>Confidential</u> Settlement Statement to be submitted by e-mail <u>only</u> to Magistrate Judge Tafoya.  The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims, and may present a demand or offer.  These documents should be intended to persuade the clients and counsel on the other side.

The Confidential Settlement Statement prepared for and presented to Magistrate Judge Tafoya should contain the following information:

1. A summary of the evidence, including:

   a. a *numbered list* of the known significant disputed issues of fact; and

   b. a *numbered list* of the known significant disputed legal issues.

2. A candid assessment of the case from the presenter's point of view.

3. Remarks toward any perceived weaknesses in the case.

4. An *accurate and complete* history of settlement negotiations, including dates, if known, and amounts of demands and offers.

  5.  A computation of damages, including the theory of calculation and any legal limitations on damages, and a demand or offer each client will accept or pay in settlement *(including any essential non-economic terms)*.

  6.  Any observations or additional information which would be helpful to Magistrate Judge Tafoya in assisting the parties to negotiate a settlement.

  The document is to be **emailed to Magistrate Judge Tafoya** (not submitted for filing to the court) at *Tafoya_Chambers@cod.uscourts.gov*, in accordance with the electronic filing procedures of this court, and shall contain copies of the materials submitted to the other parties. The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference.

  Please remember that anyone seeking entry into the Byron Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C.COLO.LCivR 83.2B.

  Dated this 9th day of November, 2010.

                  **BY THE COURT:**

                  Kathleen M. Tafoya
                  United States Magistrate Judge