IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01939–WJM–KMT

BEVERLY ANN TWITCHELL,

     Plaintiff,

v.

STUART HUTTON, and
GLEN HAMMOND, in their individual and official capacities,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

     This matter is before the court on "Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 56" (Doc. No. 61 [Mot.], filed June 15, 2011). Plaintiff did not file a response. The motion is ripe for the court's recommendation.

## I.    *STATEMENT OF THE CASE*

     Though sparse, the following undisputed facts have been taken from the Defendants' Motion for Partial Summary Judgment. On July 12, 2009, Plaintiff attended the Art in the Park event in the City of Steamboat Springs, Colorado. (Compl. [Doc. No. 1-1], ¶¶ 7-8; Answer [Doc. No. 13], ¶¶ 7-8.) Plaintiff entered the event with her dog after failing to notice posted signs indicating that dogs were prohibited inside the event. (Compl., ¶ 8; Answer, ¶ 8.) Plaintiff was asked to leave the Art in the Park event by City of Steamboat Springs Community Service

Officer Thomas Whiddon. (Compl., ¶ 8; Answer, ¶ 8; *see also*, Mot., Ex. A-1 [Tr. of Dep. of Beverly Twitchell], ¶ 144:2 – 145:12.) Plaintiff protested and requested a supervisor. (Compl., ¶ 8; Answer, ¶ 8; *see also*, Ex. A-1 at 145:13-23.) Plaintiff then left the Art in the Park event and, while walking to her car, was contacted by Defendant Hutton. (Compl., ¶ 8; Answer, ¶ 8; *see also*, Ex. A-1, 144:2 – 146:7.) Plaintiff refused to provide her birth date to Defendant Hutton and attempted to walk away from Defendant Hutton's investigation into her violation of the prohibition against bringing dogs into the Art in the Park event. (Compl., ¶ 8; Answer, ¶ 8.) Defendant Hutton then arrested Plaintiff and subsequently issued Plaintiff a summons for Obstructing a Police Officer and Resisting Arrest. (Compl., ¶¶ 8 and 9; *see also* Ex. A-1, 113:20 to 155:22.)

## II. PROCEDURAL HISTORY

Plaintiff, through counsel, filed her Complaint on July 12, 2010, in Routt County, Colorado, District Court. (Doc. No. 1-1.) On August 13, 2010, Defendants filed their Notice of Removal of the case to this Court. (Doc. No. 1.) Defendants filed a Partial Motion to Dismiss on August 23, 201. (Doc. No. 14.) On January 28, 2011, Chief District Judge Wiley Y. Daniel entered an Order granting in part and denying in part the Motion to Dismiss. (Doc. No. 34.) Pursuant to Judge Daniel's Order, the remaining claims are Plaintiff's First, Second, Third, Fourth, Fifth, Eighth and Ninth Claims against Defendants Hutton and Hammond and Plaintiff's Sixth and Seventh Claims against Defendant Hutton. (*See id.*) On February 3, 2011, this court granted the motion of Plaintiff's counsel to withdraw. (*See* Doc. Nos. 37 and 39.) Plaintiff now proceeds *pro se*.

### III.    LEGAL STANDARDS

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgments as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).  A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence.  *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010).  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.  *Concrete Works*, 36 F.3d at 1517.  Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and

hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## IV.    ANALYSIS

### A.    Claims Against Defendant Hammond

#### 1.    Personal Participation

##### a.    Civil Rights Violation Under 42 U.S.C. § 1983

Plaintiff asserts a claim for excessive and unreasonable force pursuant to 42 U.S.C. § 1983. (*See* Compl., Ninth Claim for Relief, at 10–11.) Defendants argue that summary judgment should be granted in favor of Defendant Hammond because he did not personally participate in the alleged violation.

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

In her deposition, Plaintiff stated she does not know Defendant Hammond, she does not know if he was on the scene of the alleged incident, and she sued Defendant Hammond only because of allegedly false testimony he gave at a motions hearing in Plaintiff's criminal proceeding.[1] (*See* Ex. A-1 at 96:19 to 97:14; 142:12 to 143:14; 173:17-22.) As such, Plaintiff has failed to establish an affirmative link between the alleged excessive force and Defendant Hammond's participation, *see Butler*, 992 F.2d at 1055, and Defendant Hammond is entitled to summary judgment on Plaintiff's Ninth Claim for Relief.

### b. Claims for Negligence, Negligence **Per Se**, *Battery, Assault, False Arrest*

Defendants argue that Plaintiff's First through Fifth Claims for negligence, negligence *per se*, battery, assault, and false arrest arise out of Defendant Hammond's alleged participation in the use of excessive force, which Plaintiff now admits Defendant Hammond had nothing to do with. (Mot. at 5.) Defendants argue that, as such, Defendant Hammond is entitled to summary judgment on Plaintiff's First through Fifth Claims for Relief. (*Id.*)

Plaintiff's First Claim for Relief alleges negligence on behalf of Defendant Hammond for breaching a duty "to refrain from using excessive and/or reasonable force in detaining and/or questioning Plaintiff. . . ." (Compl., ¶¶ 25–26.) Plaintiff's Second Claim for Relief alleges

---

[1]The defendants have not explained who Defendant Hammond is or what role he played in the alleged incident.

negligence *per se* for Defendant Hammond's alleged violations of Colorado's criminal assault and complicity statutes, by his allegedly "injur[ing] Plaintiff through the use of excessive and/or unreasonable force." (*Id.*, ¶ 30–32.) Plaintiff's Third Claim for Relief alleges Defendant Hammond "acted with the intent of making a contact with the plaintiffs [sic] person," that Defendant Hammond is liable for his "harmful or offensive contact." (*Id.*, ¶¶ 37–40.) Plaintiff's Fourth Claim for Relief alleges assault for Defendant Hammond's allegedly acting with the intent of making contact with the plaintiff or with the intent of putting the plaintiff in apprehension of such contact. (*Id.*, ¶ 42.) Plaintiff's Fifth Claim for Relief alleges false arrest for Defendant Hammond's alleged "excessive and/or unreasonable use of force against the Plaintiff in restricting her freedom of movement." (*Id.*, ¶ 49.)

Plaintiff's First, Second, Third, Fourth, and Fifth claims for negligence, negligence *per se*, battery, assault, and false arrest all arise out of her Defendant Hammond's allegedly physically contacting Plaintiff or using excessive force. However, as noted above, Plaintiff stated in her deposition that she does not know if Defendant Hammond was on the scene of the incident in the park, and she sued Defendant Hammond only because of his allegedly false testimony at a motions hearing in Plaintiff's criminal proceeding.[2] (*See* Mot, Ex. A-1 at 96:19 to 97:14; 142:12 to 143:14; 173:17-22.) Thus, based on Plaintiff's own concessions, there is no dispute that Defendant Hammond did not physically contact Plaintiff or use any force, and Plaintiff cannot establish material elements of her First, Second, Third, Fourth, and Fifth Claims

---

[2]The defendants have failed to illuminate the court as to what Defendant Hammond allegedly testified about.

for Relief against him.  As such, Defendant Hammond is entitled to summary judgment on

Plaintiff's First, Second, Third, Fourth, and Fifth Claims for Relief.

### 2. *Absolute Immunity*

Defendants argue that Defendant Hammond is entitled to summary judgment on

Plaintiff's Eighth Claim for conspiracy to violate her civil rights.  (Mot. at 7–8.)  Defendants

contend that, because Plaintiff's claim is based solely on Defendant Hammond's testimony in the

state criminal prosecution of Plaintiff, Defendant Hammond has absolute immunity.[3]  (*Id.*)

In *Briscoe v. LaHue*, 460 U.S. 325 (1983), the Supreme Court held that a

witness–including a police officer–who testifies at a criminal trial is entitled to absolute

immunity.  *Briscoe*, 460 U.S. at 343 ("Subjecting government officials, such as police officers,

to damages liability under § 1983 for their testimony might undermine not only their

contribution to the judicial process but also the effective performance of their other public

duties.").  The Supreme Court also recognized that, at common law, witnesses were absolutely

immune from damages liability for making false or defamatory statements in judicial

proceedings, so long as the statements were related to the proceeding.  460 U.S. at 489–90.  The

Tenth Circuit has extended the absolute immunity recognized in *Briscoe* beyond the trial itself to

judicial proceedings generally.  *See Valdez v. City and Cnty. of Denver*, 878 F.2d 1285, 1287

(10th Cir. 1989) (Witnesses in judicial proceedings are absolutely immune from a claim for

damages for their "acts intertwined with the judicial process."); *see also Tripati v. U.S.*

---

[3]Again, the defendants have failed to advise the court what role Defendant Hammond
played or in what role he testified.

*Immigration and Naturalization Serv.*, 784 F.2d 345, 348 (10th Cir. 1986) (absolute immunity extends to probation officer who allegedly made false statements in pretrial bond report and presentence report).

Here, where the Plaintiff testified that she has sued Defendant Hammond solely because of his allegedly false testimony at her criminal motions hearing (*see* Mot., Ex. A-1 at 142:12 to 143:14), Defendant Hammond enjoys absolute immunity with respect to such testimony. *See Briscoe*, 460 U.S. at 345–346. Accordingly, Defendant Hammond is entitled to summary judgment on Plaintiff's Eighth Claim for Relief for Conspiracy to Violate Civil Rights.

### B. Claims Against Defendant Hutton

#### 1. Sovereign Immunity

Defendant Hutton argues that the Colorado Governmental Immunity Act ("CGIA") provides immunity to him from Plaintiff's First Claim for Negligence and Second Claim for Negligence *Per Se*. (Mot. at 9–12.) The CGIA governs circumstances under which a person may maintain a tort action against the State of Colorado, its political subdivisions, instrumentalities, and employees. *See Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1203 (Colo. 2000). The CGIA provides immunity to public employees with two exceptions. First, public employees are not immune from tort claims if their acts or omissions causing the injury were willful and wanton. *See* Colo. Rev. Stat. § 24-10-118. Second, public employees are not immune from claims falling within eight limited areas for which immunity has been waived. *See* Colo. Rev. Stat. § 24-10-105.

In his Order on Defendants' Motion to Dismiss, Chief Judge Daniel found that none of Plaintiff's claims falls within the eight areas for which immunity has been waived.  (*See* Doc. No. 34 at 16.)  Moreover, though "[f]ailure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted," Colo. Rev. Stat. § 24-10-110(5)(b), the defendants did not move to dismiss the negligence or negligence *per se* claims against Defendant Hutton.

Defendants do not argue that Defendant Hutton's conduct was not willful and wanton. Instead, Defendants argue that conduct that is merely negligent cannot be characterized as willful and wanton conduct sufficient to avoid the application of sovereign immunity.  (Mot. at 10–11.) "Willful and wanton" conduct is not defined the CGIA.  However, courts addressing the issue have applied the definition in Colorado's exemplary damages statute, Colo. Rev. Stat. § 13-21-102(1)(b).  *See Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994).  That section defines willful and wanton conduct as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly the plaintiff."  Colo. Rev. Stat. § 13-21-102(1)(b).  *See also Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1141.

Defendants argue that negligent conduct, on the other hand, "differs in significant degree from conduct that could be characterized as willful and wanton."  (Mot. at 11.)  Quoting from the Restatement (Second) of Torts, Defendants argue that

> "negligence" _excludes_ conduct which the actor does or should not realize as involving a risk to others which is not merely in excess of its utility, but which is out of all proportion thereto and is therefore "recklessly disregardful of the interests of others." As the disproportion between risk and utility increases, there enters into the actor's conduct a degree of culpability which approaches and finally becomes indistinguishable from that which is shown by conduct intended to invade similar interests. Therefore, where this disproportion is great, there is a marked tendency to give the conduct a legal effect closely analogous to that given conduct which is intended to cause the resulting harm."

(*Id.* [quoting RESTATEMENT (SECOND) OF TORTS § 282(e)] [emphasis in motion].) Defendants contend that Plaintiff's allegation that Defendant Hutton engaged in willful conduct is inherently inconsistent with an allegation that he was simply negligent. (*Id.* at 11-12.) However, Defendants have failed to cite any law, nor has this court found any, in support of their proposition that an allegation that a defendant has engaged in willful or wanton behavior to abrogate immunity under the CGIA precludes a negligence claim against that defendant. Absent at least an argument or evidence that Defendant Hutton's alleged actions did not rise to the level of willful and wanton conduct, this court is not inclined to recommend summary judgment be granted on this basis. *See Celotex Corp.,* 477 U.S. at 325.

### 2. Second Claim

Defendants next argue that Plaintiff's Second Claim for negligence *per se* fails as a matter of law for lack of an appropriate statutory duty of care.[4] (Mot. at 12–14.)

------

[4]Defendants' subtitle for this subsection suggests that they move for summary judgment on only Plaintiff's negligence *per se* claim. (Mot. at 12.) However, without specifically presenting argument in support of their motion for summary judgment on Plaintiff's claims for assault and battery, Defendants state in the last sentence of this section that the court should grant summary judgment and dismiss "Plaintiff's claims for negligence per se, assault, and battery." (*Id.* at 14.) Moreover, as explained below, Defendants appear to make an argument

In Colorado, the four elements of a standard negligence claim are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) injury to the plaintiff, and (4) a proximate cause relationship between the breach and the injury. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992). "The common law doctrine of negligence *per se* allows an alternative route to establishing the first two elements of a negligence claim. A statute may create a duty that one person owes another, and violation of such statute may constitute a breach of that duty. *Bullock v. Wayne*, 623 F. Supp. 2d 1247, 1252 (D. Colo. 2009) (citing *Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002)). Negligence *per se* is shown when a defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. *Scott*, 39 P.3d at 1166. A plaintiff seeking to recover under the doctrine of negligence *per se* must show that she is a member of the class the statute was intended to protect and that the injuries suffered were of the kind the statute was enacted to prevent. *Largo Corp. v. Crespin*, 727 P.2d 1098, 1107-08 (Colo. 1986).

Citing a Third Circuit Court of Appeals case which stated that "[p]olice officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995), Defendants argue that Plaintiff is not a member of the class the underlying criminal statutes were intended to protect, and the injuries Plaintiff suffered were not the kind the statute was enacted to prevent

---

that Plaintiff's excessive force claim against Defendant Hutton also fails as a matter of law. (*See id.* at 13–14.) Thus, the court must determine whether any of these claims against Defendant Hutton survive.

because police officers are privileged to use force to effect an arrest. (Mot. at 13 [citing *Groman*, 47 F.3d at 634].)

Defendants' argument is nonsensical. First, Defendants have failed to cite any law or present any evidence why Plaintiff is not a member of the class the underlying criminal statutes–assault in the third degree and complicity–were intended to protect. Second, in *Groman*, the Third Circuit analyzed whether, in the context of a § 1983 claim for excessive force–<u>not</u> a negligence *per se* claim–the evidence would support a reasonable jury finding that the defendant police officers' use of force was objectionably reasonable. Third, even if the court were to extend the analysis in *Groman* to Plaintiff's negligence *per se* claim, the defendants have utterly failed to make any argument or to present any evidence that Defendant Hutton's use of force was objectively reasonable under the circumstances.[5]

Defendants bear the initial burden of showing an absence of evidence to support the plaintiff's case. *Celotex Corp.*, 477 U.S. at 325. Only after defendants have met this burden does the burden shift to the plaintiff to demonstrate a genuine issue for trial. *Concrete Works, Inc.*, 36 F.3d at 1518. Here, Defendants have failed to meet their burden of showing an absence of evidence to support the plaintiff's case. As such, Defendant Hutton is not entitled to summary judgment on Plaintiff's claims for negligence per se, assault, battery, or excessive force.

---

[5]Though Defendants state that "the question is not whether Officer Hutton committed negligence per se by applying some measure of force during Plaintiff's arrest" and that the "real issue here is whether Officer Hutton's use of force was objectively reasonable under the totality of the circumstances," Defendants stop short of making an argument or presenting any evidence to this effect. (*See* Mot. at 13–14.)

### 3.    *Fifth and Seventh Claims*

Next, Defendants argue that probable cause existed for the underlying state criminal charges against Plaintiff, and thus her Fifth Claim for false arrest and her Seventh Claim for malicious abuse of process fail.  (Mot. at 14–16.)

### a.    *False Arrest*

"False arrest arises when one is taken into custody by a person who claims but does not have proper legal authority." *Enright v. Groves*, 560 P.2d 851, 852 (Colo. App. 1977).

"Accordingly, a claim for false arrest will not lie if an officer has a valid warrant or probable cause to believe that an offense has been committed and that the person who was arrested committed it." *Enright*, 560 P.2d at 852.  "[A] conviction represents a defense to a § 1983 action asserting arrest without probable cause." *Howard v. Dickerson*, 34 F.3d 978, 981 n.2 (10th Cir. 1994) (citing *Cameron v. Fogarty*, 806 F.2d 380, 389 (2d Cir.1986); *Enright*, 560 P.2d at 852.

On May 7, 2010, Plaintiff pled no contest to the charge of Unlawful Conduct on Public Property, and the Colorado court issued a Judgment on the plea.  (Mot. Ex. A-2.)  Defendants argue that because Plaintiff pled no contest to the charge, probable cause existed to support the charges brought in the underlying criminal proceedings.  However, under Colorado law, a "plea of nolo contendere entered in the forum of the indictment, while effective for the sentence there, [is] not otherwise or elsewhere conclusive." *People ex rel. Atty. Gen. v. Edison*, 69 P.2d 246, 248 (Colo. 1937).  A nolo contendere plea "cannot be relied upon as an admission of the facts underlying the plea in any civil suit arising out of the same act." *Jones v. Dist. Ct. In and For*

*Routt Cnty.*, 584 P.2d 81, 83 (Colo. 1978) (citing *Bruce v. Leo*, 267 P.2d 1014, 1017 (Colo. 1954)).

There has been no argument or evidence submitted by the defendants that there was probable cause to arrest the plaintiff for the crime of Obstructing a Police Officer and Resisting Arrest. Accordingly, Defendants have failed to meet their burden of showing an absence of evidence to support the plaintiff' case. *Celotex Corp.*, 477 U.S. at 325. As such, Defendant Hutton is not entitled to summary judgment on Plaintiff's false arrest claim.

### b. *Malicious Prosecution/Abuse of Process*

Defendants argue that, because Plaintiff pled no contest to the charge of Unlawful Conduct on Public Property, Defendant Hutton is entitled to summary judgment on Plaintiff's "malicious abuse of process" claim as well. (Mot. at 15–16.) In Colorado, the claim of "malicious abuse of process" is not recognized. Rather, Colorado recognizes the separate claims of malicious prosecution and abuse of process.

### i. *Malicious Prosecution*

To establish a claim for malicious prosecution, a plaintiff must prove by a preponderance of the evidence that the defendant was a party to or assisted in a criminal or civil proceeding against the plaintiff, that the proceeding was resolved in favor of plaintiff, that there was no probable cause for the proceeding, that the defendant was motivated by malice in instituting the proceedings, and as a result of the prior action the plaintiff was damaged. *Weiszmann v. Kirkland and Ellis*, 732 F. Supp. 1540, 1547 (D. Colo. 1990); *Walford v. Blinder, Robinson & Co., Inc.*, 793 P.2d 620, 623 (Colo. App. 1990).

14

It is clear that the element of no probable cause is separate and distinct from the element of a resolution in favor of the plaintiff. *Weiszmann*, 732 F. Supp. at 1547. Thus, Defendants' attempt to mesh the two elements and to state that Plaintiff's plea of no contest equates to probable cause fails without argument or evidence that probable cause existed. Nevertheless, Defendant Hutton is entitled to summary judgment on Plaintiff's malicious prosecution claim for her failure to meet the "favorable termination" element.

"Favorable termination is generally taken to mean a determination of not guilty or dismissal of the charges." *Land v. Hill*, 644 P.2d 43, 45 (Colo. App. 1981). "[T]ermination resulting from negotiation, compromise, settlement, or agreement, is not considered a favorable termination." *Land*, 644 P.2d at 45 (citing *Bell Lumber Co. v. Graham*, 219 P. 777 (1923)). Here, where Plaintiff voluntarily pled no contest to the to the charge of Unlawful Conduct on Public Property, she did not obtain a favorable termination for the purposes of a malicious prosecution claim. Thus, Defendant Hutton is entitled to summary judgment as a matter of law on Plaintiff's malicious prosecution claim.

### ii.    *Abuse of Process*

"Use of a legal proceeding in an improper manner is an essential element of an abuse of process claim." *James H. Moore & Assocs.*, 892 P.2d at 373. "Classic examples of the requisite improper use include the use of process to accomplish a coercive goal which is not the intended legal purpose of the process." 893 P.2d at 373. Plaintiff alleges that Defendant Hutton "used unjustified process against the Plaintiff to intimidate and dissuade her from asserting her from asserting her rights against defendants, to conceal their own wrongdoing[,] and to avoid liability

for their own acts. . . ." (Compl., ¶ 57.)  As noted above, Chief Judge Daniel found these allegations sufficient to state a claim for abuse of process against Defendant Hammond.  (Doc. No. 34 at 16, n.5.)

Defendants argue that Defendant Hutton is entitled to summary judgment on Plaintiff's abuse of process claim because of her no contest plea.  (Mot. at 15 [citing *Mott v. Officer John Does I*, No. 07-cv-00280-REB-CBS, 2008 WL 648993, at *8 (D. Colo. 2008)].)  However, the court notes that, while the lack of probable cause is an element to the claims of false arrest and malicious prosecution, it is not an element of a claim for abuse of process.  *See Enright v. Groves*, 560 P.2d 851, 853 (Colo. App. 1977) (false arrest); *Weiszmann*, 732 F. Supp. at 1547 (malicious prosecution).

In *Mott*, the magistrate judge first analyzed whether plaintiff's claim for false arrest was subject to dismissal for failure to state a claim.  *Mott*, 2008 WL 648993, at *6–7.  The magistrate judge determined that, because the plaintiff alleged the victim reported the crime to the defendants, the plaintiff did not allege any basis for the defendants to disbelieve the victim's report, and plaintiff's own allegations established it was reasonable for the defendants to accept the victim's statements, the allegations established probable cause and, thus, provided a complete defense to the plaintiff's false arrest claim..  2008 WL 648993, at *7.  The magistrate judge then determined that because a plaintiff must establish there was an objectively improper use of the process to assert a claim for abuse of process, *see James H. Moore & Assoc. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994), and because the court had

previously concluded that probable cause existed for the plaintiff's arrest, the plaintiff's abuse of process claim was not cognizable claim. *Mott*, 2008 WL 648993, at *8.

Here, the court has recommended that Plaintiff's false arrest claim go forward against Defendant Hutton. Moreover, Defendants have made no argument or submitted evidence that there was probable cause to arrest the plaintiff, nor has there been any determination by this court that probable cause existed. Thus, Defendants have failed to meet their burden of showing an absence of evidence to support the plaintiff' case. *Celotex Corp.*, 477 U.S. at 325. As such, Defendant Hutton is not entitled to summary judgment on Plaintiff's abuse of process claim.

### 4.     *Sixth Claim*

Defendants next argue that Plaintiff's Sixth Claim for intentional infliction of emotional distress fails because the conduct about which she complains does not rise to the level of outrageous conduct. (Mot. at 16–18.)

In Colorado, the elements of a claim for outrageous conduct are (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994). "Outrageous conduct" is defined as conduct that is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Culpepper*, 877 P.2d at 882. "Although the question of whether conduct is outrageous is

generally one of fact to be determined by a jury, it is first the responsibility of a court to determine whether reasonable persons could differ on the question." 877 P.2d at 883.

In her Complaint, Plaintiff alleges Defendant Hutton "ignor[ed] her repeated cries that her arm would not move behind her without injury, then knock[ed] her to the ground, placing his weight upon her, pushing her face into the ground, and twisting her arms behind her, causing Plaintiff injury, pain, humiliation and severe emotional distress." (Compl., ¶ 53.) In her deposition, Plaintiff stated that Defendant Hutton "grabbed [her] arm and swung [her]," put cuffs on her and lowered her to the ground, and pushed into her back and pushed her arms up. (Mot., Ex. A-1 at 84:9–13.) Plaintiff also stated she "started screaming for help because he wouldn't stop pushing . . . like he was trying to dislocate [her] arms." (*Id.* at 96:19–22.) Though Plaintiff conceded that Defendant Hutton lowered her to the ground to avoid a hard impact (*id.* at 88:16–20), she stated that Defendant Hutton held her to the ground while pushing into her back and with her arms up for a period of what she believed to be approximately two minutes, and that Defendant Hutton did not stop pushing on her arms until she began screaming and other people in the park turned to look (*id.* at 97:15–20, 96:19–97:14).

Defendants argue that Defendant Hutton's conduct did not rise to the level of outrageous conduct, especially "given that police officers are privileged to use some measure of force in effecting an arrest." (Mot. at 17.) Defendants also argue that "Plaintiff cannot present evidence to suggest that Officer Hutton intended to cause her physical or emotional harm." (*Id.*) However, this court already determined *supra* that Defendants have failed to make any argument or to present any evidence that Defendant Hutton's use of force was objectively reasonable.

Moreover, Defendants again have tried to shift the burden to Plaintiff to "present evidence to suggest that Officer Hutton intended to cause her physical or emotional harm during their encounter." (Mot. at 17.) On summary judgment, the burden is on the moving party to show an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. Regardless, based on the record, this court finds reasonable people could differ on the question of whether Defendant Hutton's conduct was outrageous. *Culpepper*, 877 P.2d at 883. Thus, Defendant Hutton is not entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

### 5. *Eighth Claim*

Finally, Defendants argue that Defendant Hutton is entitled to summary judgment on Plaintiff's claim for conspiracy to violate her civil rights because, as Defendant Hammond did not personally participate in the conduct about which Plaintiff complains, there could not have been a meeting of the minds between Officers Hutton and Hammond.[6] (Mot. at 18–19.)

In order to make out a violation of 42 U.S.C. § 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Griffin v.*

---

[6]Defendants cite Colorado case law regarding civil conspiracy in support of their argument. However, Plaintiff clearly asserts a civil conspiracy claim under § 1983. (*See* Compl., ¶ 21.)

*Breckenridge*, 403 U.S. 88, 102–03 (1971). A civil conspiracy is the combination of two or more persons acting in concert, either to commit an unlawful act, or to commit a lawful act by unlawful means. *Singer v. Wadman*, 745 F.2d 606, 609 (10th Cir. 1984).

Here, where all of the defendants except Defendants Hutton and Hammond have been dismissed (*see* Doc. No.34), and because this court has recommended dismissal of Defendant Hammond for his lack of personal participation in any of Plaintiff's claims, Plaintiff cannot show that Defendant Hutton acted in concert with any other person to violate her civil rights. Thus, Defendant Hutton is entitled to summary judgment on Plaintiff's claim for conspiracy to violate her civil rights.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 56" (Doc. No. 61) be GRANTED in part and DENIED in part as follows:

1. Defendant Hammond should be granted summary judgment on Plaintiff's First, Second, Third, Fourth, Fifth, and Ninth Claims for Relief for lack of personal participation and on Plaintiff's Eighth Claim for Relief on the basis of absolute immunity;

2. Defendant Hutton should be granted summary judgment, to the extent Plaintiff asserts that claim, on Plaintiff's claims for malicious prosecution (Seventh Claim for Relief) and conspiracy to violate civil rights (Eighth Claim for Relief); and

3.      Defendants' Motion for Partial Summary Judgment as to Defendant Hutton

should be denied in all other respects, and Plaintiff's First, Second, Third, Fourth,

Fifth, Sixth, Seventh (Abuse of Process only), and Ninth Claims for Relief should

proceed against Defendant Hutton.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge