**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01939-WJM-KMT

BEVERLY ANN TWITCHELL,

    Plaintiff,

v.

STUART HUTTON, and
GLEN HAMMOND, in their individual and official capacities

    Defendants.

---

**ORDER DIRECTING CLERK OF COURT TO
ASSIST IN LOCATING VOLUNTEER COUNSEL**

---

This matter comes before the Court *sua sponte*. The record reflects that Plaintiff is proceeding in this case *pro se* and at this point in the proceedings no ruling has been made regarding Defendant's Motion for Partial Summary Judgment (ECF No. 61). This case is currently set for a 4-day jury trial to commence on August 20, 2012 (ECF No. 77). In order to ease the burden Plaintiff faces moving forward the Court, exercising its discretion, intervenes at this juncture to assist in locating volunteer counsel.

The Court has broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See *DiCesare v. Stuart*, 12F.3d 973, 979 (10th Cir. 1993). The following factors are considered by the Court when determining this issue in a case of this type: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See *Rucks v. Boergermann*, 57

F.3d 978, 979 (10th Cir. 1995).

At this point in the proceedings, Plaintiff has survived summary judgment, and is now facing the prospect of conducting a jury trial before the Court without legal assistance.  The Court finds that this situation presents substantially changed circumstances for Plaintiff given her very limited ability to try a case before a jury in federal court, as well as the extraordinary difficulty she faces as a layperson in dealing with the complex legal and factual issue which will arise at a jury trial, not the least of which being conducting adequate *voir dire* of potential jurors, properly examining friendly and hostile witnesses, adequately responding to a motion under Fed.R.Civ.P. 50, and drafting and objecting to jury instructions.  The Court further finds that under the factors set forth in *Rucks*, 57 F.3d at 979, the interest of justice are best served by exercising its discretion in favor of assisting Plaintiff in her efforts to locate volunteer counsel to represent her in this case.

Accordingly, the Court DIRECTS the Clerk of the Court, Attorney and Legal Services, to make, soon as practicable, a good faith effort to locate volunteer private counsel to represent Plaintiff for the remainder of these proceedings.

It is SO ordered

Dated this 26th day of October, 2011.

BY THE COURT:

William J. Martínez
United States District Judge