**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01939-WJM-KMT

BEVERLY ANN TWITCHELL,

    Plaintiff,

v.

STUART HUTTON, in his individual and official capacity, and
GLEN HAMMOND, in his individual and official capacity,

    Defendants.

_____

**ORDER SUSTAINING DEFENDANT HUTTON'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION, AND ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION**
_____

This matter is before the Court on the September 19, 2011 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 68) (the "Recommendation") that Defendants' Motion for Partial Summary Judgment (ECF No. 61) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Defendant Hutton filed timely Partial Objections (ECF No. 72) to the Recommendation.

## I. BACKGROUND

**A.   Factual Background**

The facts relevant to a resolution of the instant Motion and Objections are detailed in the Recommendation. Briefly, Plaintiff Beverly Ann Twitchell brings claims pursuant to Colorado state law and 42 U.S.C. § 1983 alleging that she was wrongfully

arrested for obstructing a police officer, and subjected to excessive force during her arrest.  (ECF No. 2.)  Defendants are Community Service Officers with the City of Steamboat Springs, Colorado Police Services Department.  (ECF No. 13 at 2.)

On July 12, 2009, Plaintiff attended the Art in the Park event in the City of Steamboat Springs, Colorado.[1]  (Motion (ECF No. 61 at 2.))  She entered the event with her dog despite the fact that dogs were prohibited inside the event.  (*Id*. at 3.)  Plaintiff was then asked to leave the event by City of Steamboat Springs Community Service Officer Thomas Whiddon.  (*Id*.)  Plaintiff protested and requested a supervisor.  (*Id*.)

Plaintiff subsequently left the Art in the Park event and was approached by Defendant Hutton.  (*Id*.)  Plaintiff, however, refused to provide her date of birth to Defendant Hutton, and attempted to walk away from his investigation into her violation of the prohibition against bringing dogs into the Art in the Park event.  (*Id*.)  Defendant Hutton then arrested Plaintiff for obstructing a police officer and resisting arrest.  (*Id*.)

**B.   Procedural History**

Plaintiff, through counsel, filed her Complaint on July 12, 2010, in Routt County, Colorado, District Court.  (ECF No. 2.)  On August 13, 2010, Defendants filed their Notice of Removal of the case to this Court.  (ECF No. 1.)  Following the case's removal, Defendants, on August 23, 2011, filed a Partial Motion to Dismiss.  (ECF No. 14.)

---

[1] In their Motion, Defendants submitted a statement of undisputed material facts. (ECF No. 61 at 2-4.)  Plaintiff did not file a Response opposing these facts, and agreed that the facts in the pleadings were undisputed.  (ECF No. 29 at 4.)  Accordingly, the Court deems Defendants' undisputed facts as admitted.  *See Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir. 2002)*; see also Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. Appx. 794 (10th Cir. 2011).

On January 28, 2011, the Court entered an Order granting in part and denying in part Defendants' Partial Motion to Dismiss. (ECF. No. 34.) Pursuant to that Order, the remaining claims before the Court are Plaintiff's First, Second, Third, Fourth, Fifth, Eighth and Ninth Claims against Defendants Hutton and Hammond, and Plaintiff's Sixth and Seventh Claims against Defendant Hutton. (*Id*.) These remaining claims are, respectively: negligence (First Claim), negligence *per se* (Second Claim), assault (Third Claim), battery (Fourth Claim), false arrest (Fifth Claim), intentional infliction of emotion distress (Sixth Claim), malicious prosecution and abuse of process (Seventh Claim), conspiracy to violate civil rights (Eighth Claim), and excessive force (Ninth Claim). (*Id*.)

On June 15, 2011, after the close of discovery, Defendants moved for partial summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. (ECF No. 61.) Plaintiff did not file a Response to Defendants' Motion.[2]

On June 30, 2011, the Magistrate Judge issued her Recommendation that, as to Defendant Hammond, summary judgment should be granted on Plaintiff's First, Second, Third, Fourth, Fifth, and Ninth Claims on the ground of personal participation, and on Plaintiff's Eighth Claim on the basis of absolute immunity, thus dismissing Defendant Hammond from the case. (ECF No. 134.) As to Defendant Hutton, the Magistrate Judge recommends that summary judgment should be granted on Plaintiff's claims for malicious prosecution (Seventh Claim for Relief) and conspiracy to violate civil rights (Eighth Claim for Relief), but summary judgment should be denied as to Defendant Hutton in all other respects, and Plaintiff's First, Second, Third, Fourth, Fifth,

---

[2] On February 3, 2011, the Court granted the Motion of Plaintiff's counsel to withdraw. (ECF Nos. 37, 39.) Plaintiff now proceeds *pro se.*

3

Sixth, Seventh (abuse of process only), and Ninth Claims for Relief should proceed against him. (*Id.*)

Defendant Hutton filed timely Partial Objections (ECF No. 72) to the Recommendation. Specifically, Defendant Hutton objects to the Magistrate Judge's findings that he: (1) is not entitled to summary judgment on Plaintiff's false arrest claim (Fifth Claim for Relief) (Obj. at 6-7); and (2) is not entitled to summary judgment on Plaintiff's abuse of process claim (Seventh Claim for Relief). (*Id.* at 5.) Plaintiff did not respond to the Objections.

For the reasons set forth below, Defendant Hutton's Objections are SUSTAINED, the Magistrate Judge's Recommendation is ADOPTED in part and REJECTED in part, and Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.

## II.  LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem*

*Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where, as here, the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

Further, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, liberally construes her filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See*

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains numerous findings and conclusions. (Rec. at 4-20.) Neither party objects to the majority of these findings. Defendant Hutton, however, does object to the Magistrate Judge's findings that he: (1) is not entitled to summary judgment on Plaintiff's false arrest claim (Fifth Claim) (Obj. at 6-7); and (2) is not entitled to summary judgment on Plaintiff's abuse of process claim (Seventh Claim).[3] (*Id*. at 5.) The Court will review *de novo* each portion to which a specific objection was made. Otherwise, the Court will review the Recommendation for clear error. Fed. R. Civ. P. 72(b)(3).

**A.  Defendant Hutton's Objections**

**1. False Arrest**

The Magistrate Judge recommends that Defendant Hutton is not entitled to summary judgment on Plaintiff's false arrest claim. (Rec. at 13-14.) Defendant Hutton objects and argues that he is entitled to summary judgment because he had probable

---

[3]  Plaintiff did not file objections to the Recommendation.

cause to arrest Plaintiff for obstructing a police officer.[4]  (Obj. at 6-7.)

Under Colorado law, "[f]alse arrest arises when one is taken into custody by a person who claims but does not have proper legal authority." *Enright v. Groves*, 560 P.2d 851, 852 (Colo. App. 1977).  "Accordingly, a claim for false arrest will not lie if an officer has a valid warrant or probable cause to believe that an offense has been committed and that the person who was arrested committed it."  *Id*. at 852.

Probable cause exists "only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."  *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007).  Probable cause is measured against an objective standard, *see Beck v. Ohio*, 379 U.S. 89, 96 (1964), meaning that the primary consideration is "whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer."  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (internal quotation marks omitted).  Although "[p]robable cause does not require facts sufficient for a finding of guilt . . . it does require more than mere suspicion."  *United States v. Morris*, 247 F.3d

---

[4] The Magistrate Judge's Recommendations on Plaintiff's Fifth and Seventh Claims for Relief were based on Defendants' arguments that Plaintiff's no contest plea to Unlawful Conduct on Public Property did not independently establish probable cause.  (Rec. at 13-17.)  Indeed, Defendants made no detailed argument in their Motion that Defendant Hutton had probable cause to arrest Plaintiff; Defendant Hutton first delves into this argument in detail in his Objections.  (Obj. at 6-7.)  However, since Defendant Hutton's Motion makes a cursory argument that probable cause existed (Motion at 16) and sets forth undisputed facts leading up to Plaintiff's arrest (*Id*. at 2-4), the Court will consider Defendant Hutton's argument that he had probable cause to arrest Plaintiff.

7

1080, 1088 (10th Cir. 2001) (internal quotation marks omitted). However, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983).

Here, Plaintiff was arrested for obstructing a police officer. Under Colorado Revised Statute § 18–8–104, "[a] person commits obstructing a peace officer . . . when, by using or threatening to use violence, force, physical interference, or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his or her official authority . . . "

The Colorado Supreme Court discussed the meaning of the terms "obstacle" and "physical interference" under Section 18–8–104(1)(a) in *Dempsey v. People*, 117 P.3d 800 (Colo. 2005). Although the *Dempsey* Court stated that the obstacle at issue may not be merely verbal opposition, it repeatedly referred to the terms "obstacle" and "physical interference" in the disjunctive, thereby suggesting that an obstacle under Section 18–8–104 can be something other than a physical object. *Id*. at 810–11. Ultimately, the *Dempsey* Court held that "although mere verbal opposition alone may not suffice, a combination of statements and acts by the defendant, including threats of physical interference or imposition of an obstacle can form the crime of obstruction." *Id*. at 811.

Accordingly, if Defendant Hutton had probable cause to arrest Plaintiff for obstructing a police officer, then Defendant Hutton is entitled to summary judgment on Plaintiff's false arrest claim.

The Court finds that Defendant Hutton did have probable cause to arrest Plaintiff.  As stated above, in their Motion, Defendants submitted a statement of undisputed material facts.  (ECF No. 61 at 2-4.)  Plaintiff did not file a Response opposing these facts, and agreed that the facts in the pleadings were undisputed.  (ECF No. 29 at 4.)  Accordingly, Defendants' undisputed facts are deemed admitted.  *See Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir. 2002)*; see also Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. Appx. 794 (10th Cir. 2011).

Thus, it is undisputed that Plaintiff brought her dog into the Art in the Park event despite the fact that dogs were prohibited inside the event.  (Motion. at 3.)  It is also undisputed that Defendant Hutton subsequently approached and spoke with Plaintiff in furtherance of his police investigation into Plaintiff's potential violation of the law.[5]  (*Id.*)  Plaintiff, however, refused to provide her date of birth to Defendant Hutton, and attempted to walk away from him during his investigation.  (*Id.*)   Under such circumstances, Defendant Hutton had probable cause to arrest Plaintiff for obstructing his investigation.  *See, e.g., Dempsey,* 117 P.3d at 812-13 (police officer had probable cause to arrest suspect for obstruction where suspect refused to provide his identification to police officers in order to write him a summons, stated repeatedly that he needed to speak to his attorney, and walked away with his hands in his pockets); *Kaufman v. Higgs*, No. 10-cv-00632, 2011 WL 3268346, at *4 (D. Colo. July 29, 2011) (police officers had probable cause to arrest suspect for obstruction of their hit-and-run accident investigation where suspect asserted a privilege and refused to identify the

---

[5]   *See also* Plaintiff's Complaint (ECF No. 2) at ¶ 8, and Defendants' Partial Answer (ECF No. 13) at ¶ 8.

9

driver of his vehicle); *Neuman v. Peoria Cnty. Police Dep't*, 187 F. App'x 627, 630 (7th Cir. 2006); *Scott v. City of Coeur D'Alene*, No. 09-cv-66, 2010 WL 3735679, at *9-10 (D. Idaho Aug. 06, 2010) (police officers had probable cause to arrest suspect for obstruction where officers attempted to issue suspect a summons for riding his bicycle without a headlight, and suspect refused to provide his name).

As the court in *Scott v. City of Coeur D'Alene* artfully stated, finding probable cause in such a situation:

> is consistent with the law and also results in good policy. Police officers cannot issue a citation without a valid name, and identification is necessary in order to ensure the validity of the name given. The police would lose considerable enforcement authority if an individual who has violated a law, even an infraction, was permitted to refuse to provide his or her name and then walk away [] from the police. Such a result is not tolerable in a civil society and the obstruction of justice statute does not allow for it.

*Id*.

Based on the undisputed facts here, Defendant Hutton has met his burden of showing an absence of evidence to support Plaintiff's case, and Plaintiff's claim for false arrest fails. *See Celotex*, 477 U.S. at 325. Accordingly, the Magistrate Judge's recommendation that Defendant Hutton not be entitled to summary judgment on Plaintiff's false arrest claim is rejected, and Defendant Hutton's objection is sustained. Defendant Hutton's Partial Motion for Summary Judgment on Plaintiff's false arrest claim (Fifth Claim for Relief) is granted.

### 2. Abuse of Process

The Magistrate Judge also recommends that Defendant Hutton is not entitled to

summary judgment on Plaintiff's abuse of process claim. (Rec. at 15-17.) Defendant Hutton objects to this recommendation as well. (Obj. at 5.)

The elements of a claim for abuse of process under Colorado law are: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, *i.e.*, use of a legal proceeding in an improper manner; and (3) resulting damage." *Mott v. Officer John Does I*, No. 07-cv-00280, 2008 WL 648993, at *8 (D. Colo. Mar. 04, 2008) (quoting *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App. 1998). "A plaintiff must establish there was an objectively improper use of the process." *Id*. (citing *James H. Moore & Assoc. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994).

However, once a court has concluded that probable cause exists for an individual's arrest, a police officer has justification for the use of a judicial proceeding, and an abuse of process claim cannot stand. *See Mott*, 2008 WL 648993, at *8 (internal citation omitted); *Granato v. City of New York*, No. 98-cv-667, 1999 WL 1129611, at *7 (E.D.N.Y. Oct. 18, 1999) ("a showing of probable cause . . . suffices also to establish excuse or justification for the purposes of a defense to abuse of process.") (internal quotation marks and citations omitted); *Frederick v. Hanna*, No. 05-cv-514, 2006 WL 3489745, at *8 (W.D. Pa. Dec. 1, 2006) ("whether raised under Section 1983 or state law, claims for false arrest, malicious prosecution, and abuse of process require a lack of probable cause.").

As explained above, Defendant Hutton had probable cause to arrest Plaintiff.

Therefore, based on the undisputed facts here, Defendant Hutton has met his burden of showing an absence of evidence to support Plaintiff's case, and Plaintiff's claim for abuse of process fails. See *Celotex*, 477 U.S. at 325. Accordingly, the Magistrate Judge's recommendation that Defendant Hutton not be entitled to summary judgment on Plaintiff's abuse of process claim is rejected, and Defendant Hutton's objection is sustained. Defendant Hutton's Partial Motion for Summary Judgment on Plaintiff's abuse of process claim (Seventh Claim for Relief) is granted.

**B.     Findings Without Objection**

Neither party has objected to the following Magistrate Judge's recommendations:

(1)     Defendant Hammond should be granted summary judgment on Plaintiff's First, Second, Third, Fourth, Fifth, and Ninth Claims for Relief for lack of personal participation and on Plaintiff's Eighth Claim for Relief on the basis of absolute immunity;

(2)     Defendant Hutton should be granted summary judgment on Plaintiff's claims for malicious prosecution (Seventh Claim for Relief) and conspiracy to violate civil rights (Eighth Claim for Relief); and

(3)     Defendants' Motion for Partial Summary Judgment as to Defendant Hutton should be denied as to Plaintiff's First, Second, Third, Fourth, and Sixth Claims for Relief.

The Court has carefully reviewed these rulings of the Magistrate Judge, and finds no clear error in these determinations. See Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not

appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings".). Accordingly, the Magistrate Judge's Recommendation is adopted with respect to these claims.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Hutton's Objections (ECF No. 72) to the Magistrate Judge's September 19, 2011 Recommendation (ECF No. 68) are SUSTAINED and the Recommendation is ADOPTED in part and REJECTED in part;

2. Defendants' Partial Motion for Summary Judgment (ECF No. 61) is GRANTED as to Plaintiff's First, Second, Third, Fourth, Fifth, Eighth, and Ninth Claims for Relief against Defendant Hammond;

3. Defendants' Partial Motion for Summary Judgment (ECF No. 61) is GRANTED as to Plaintiff's Fifth, Seventh, and Eighth Claims for Relief against Defendant Hutton;

4. Defendants' Partial Motion for Summary Judgment (ECF No. 61) is DENIED as to Plaintiff's First, Second, Third, Fourth, and Sixth Claims for Relief against Defendant Hutton;

5. Plaintiff's First, Second, Third, Fourth, Sixth, and Ninth Claims for Relief shall proceed against Defendant Hutton only; and

6. Defendant Hammond is dismissed as a Party-Defendant to this action. The Clerk and the parties shall delete reference to Defendant Hammond as a Party-Defendant in this action in all future filings with the Court.

Dated this 13th day of February, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge