IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-01939-WJM-KMT

BEVERLY ANN TWITCHELL,

    Plaintiff,

v.

STUART HUTTON, in his individual and official capacity,

    Defendant.

_____

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
MODIFICATION OF SCHEDULING ORDER TO REOPEN PLAINTIFF'S
DISCOVERY AND EXPERT DISCLOSURES**
_____

In this civil action, Plaintiff Beverly Ann Twitchell brings claims against Defendant Stuart Hutton, a Steamboat Springs Police Officer, for alleged injuries Plaintiff suffered as a result of Defendant's arrest and alleged assault of Plaintiff.[1]  Before the Court is Plaintiff's Motion for Modification of Scheduling Order to Reopen Plaintiff's Discovery and Expert Disclosures (the "Motion").  (ECF No. 95.)

For the reasons set forth below, Plaintiff's Motion for Modification of Scheduling Order to Reopen Plaintiff's Discovery and Expert Disclosures is granted in part.

## I.  BACKGROUND

This case was removed from Routt County, Colorado District Court to this Court on August 13, 2010.  (ECF No. 1.)  Shortly after the Court granted in part Defendant's Partial Motion to Dismiss (ECF No. 34), Plaintiff's initial counsel ("Prior Counsel")

---

[1] On February 13, 2012, Defendant Glen Hammond was dismissed as a Party-Defendant to this action.  (ECF No. 85.)

withdrew from this case.  (ECF No. 39.)  Although Prior Counsel drafted a Scheduling Order and served Rule 26(a) disclosures on Defendant (ECF No. 20), Prior Counsel did not serve any discovery requests or designate any experts on Plaintiff's behalf.

The discovery cutoff date in this case was May 2, 2011 (ECF No. 29 at 6, ¶ 9.B), and the deadline to designate experts was February 2, 2011.  (*Id*. at 7, ¶ 9.D.3.)  Plaintiff, litigating *pro se*, failed to issue any discovery requests or designate any experts.  Defendant, in contrast, pursued discovery through his attorneys.

On June 15, 2011, after the close of discovery, Defendant moved for partial summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. (ECF No. 61.)  Plaintiff did not file a Response to Defendant's Motion.  On February 13, 2012, the Court granted in part and denied in part Defendant's Partial Motion for Summary Judgment, and Plaintiff's First, Second, Third, Fourth, Sixth, and Ninth Claims for Relief, as described in Plaintiff's Complaint, proceed against Defendant.  (ECF No. 85.)

On October 26, 2011, the Court *sua sponte* instructed the Clerk of the Court to attempt to locate volunteer counsel for Plaintiff.  (ECF No. 78.)  On March 7, 2012, in response to this Court's request, attorneys from Ballard Spahr LLP and McKenna Long & Aldridge LLP entered their respective appearances as *pro bono* counsel for Plaintiff.  (ECF Nos. 89, 90, 91.)

Prior to Plaintiff's *pro bono* counsel being appointed, Defendant moved twice, without opposition from Plaintiff, to amend this case's Scheduling Order (ECF No. 29) to extend the discovery cutoff date.  (ECF Nos. 51, 54.)  The Court granted both of Defendant's requests.  (ECF Nos. 53, 56.)

On June 7, 2012, Plaintiff filed a Motion for Modification of Scheduling Order to

Reopen Plaintiff's Discovery and Expert Disclosures. (ECF No. 95.) Plaintiff's Motion seeks to modify the deadlines in the Scheduling Order to permit her to take discovery and to designate expert witnesses. (*Id*.) Specifically, Plaintiff requests that this Court enter an order amending the Scheduling Order as follows to allow her:

1. To propound one set of interrogatories, consisting of no more than twenty-five separate requests, no later than ten days from the date of the order (the "Order") granting this motion;

2. To propound one set of requests for production of documents, consisting of no more than twenty-five separate requests, no later than ten days from the date of the Order;

3. To propound one set of requests for admission, consisting of no more than twenty-five separate requests, no later than ten days from the date of the Order;

4. To depose Stuart Hutton, Glen Hammond, Thomas Whiddon, Jennifer Good, Nichlas Moore, Police Chief J.D. Hays (or another a representative of the Steamboat Springs Police Department), Jill Webster, and Dr. Laura Sehnert no later than ten weeks from the date of the Order;

5. To serve no more than five third-party subpoenas no later than four weeks from the date of the Order; and

6. To provide Rule 26(a)(2) disclosures for expert witnesses in the areas of (a) police practices and procedures and (b) Plaintiff's medical condition and the nature of the injuries she sustained as a result of the alleged assault by Defendant, no later than eight weeks from the date of the Order.

(*Id*. at 6-7.)

On June 18, 2012, Defendant filed his Response to Plaintiff's Motion. (ECF No. 99.) Defendant then filed an Unopposed Motion for Leave to File an Amended Response on June 19, 2012 (ECF No. 100), which was subsequently granted and accepted by the Court on June 20, 2012 (ECF No. 101). In addition to opposing the relief requested by Plaintiff in her Motion, Defendant seeks leave to depose previously

3

unidentified witness Rodney Green. Plaintiff was not permitted a Reply to Defendant's Response. (ECF No. 97.)

Plaintiff's Motion is now ripe for resolution.

## II. ANALYSIS

**A.     Applicable Legal Standard**

Federal Rule of Civil Procedure Rule 16(b)(4) sets forth the requirements for a modification of a Scheduling Order and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D.COLO.LCivR. 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court"). This "good cause" standard requires the movant to show that despite diligent efforts, the movant could not meet the scheduled deadline. *See Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2008).

"Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation omitted). A showing of "good cause," therefore, requires that a deadline cannot be met despite "the diligence of the party seeking the extension." *Id*. "While the district court is afforded broad discretion in managing the pretrial schedule, . . . a scheduling order can have an outcome-determinative effect on the case and 'total inflexibility is undesirable.'" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (quoting *Summers v. Missouri*

*Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).  Therefore, "[a] scheduling order which results in the exclusion of evidence is . . . 'a drastic sanction.'"  *Id.* (quoting *Summers*, 132 F.3d at 604).

Further, although *pro se* litigants are not exempt from the Rules of Civil Procedure, courts recognize the real disadvantage that inexperienced parties face in navigating the intricacies of federal court litigation.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[P]*ro se* litigants are held to less stringent standards than those who are counseled by attorneys.").

**B.    Discussion**

The Court has thoroughly reviewed the filings associated with Plaintiff's Motion and finds that good cause exists to grant in part Plaintiff's Motion for Modification of Scheduling Order to Reopen Plaintiff's Discovery and Expert Disclosures.

As stated above, a showing of good cause "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  *Colo. Visionary Acad.*, 194 F.R.D. at 687.  Moreover, the decision to "modify a scheduling order 'to extend or reopen discovery is committed to the sound discretion' of the Court."  *Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-cv-02080, 2010 WL 4823056, at *1 (D. Colo. Nov. 15, 2010) (citing *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987)).

Here, Plaintiff, proceeding *pro se,* failed to serve any discovery requests or designate any expert witnesses after her Prior Counsel withdrew from the case.  In contrast, Defendant pursued full discovery and twice moved to amend the Scheduling

5

Order to extend the discovery cut-off date.  The Court granted both of these requests.  (ECF Nos. 53, 56.)  Soon after agreeing to represent Plaintiff on a *pro bono* basis, Plaintiff's current counsel diligently petitioned the Court to modify the Scheduling Order and in a timely fashion sought to reopen discovery as outlined above.  Under these circumstances, the Court finds that Plaintiff has established "good cause" under Rule 16(b)(4) for the extension of such a deadline.

Finally, the Court notes that a 4-day jury trial is set to commence in this case on December 17, 2012.  (ECF No. 93.)  The Parties are put on notice that the Court intends for trial to go forward on that date, and will not consider entering an order delaying trial absent extraordinarily compelling circumstances.  Given the limited amount of time remaining before the December trial date, the Court concludes that allowing Plaintiff most, but not all, of the relief she seeks in her Motion is the most appropriate manner in which to balance the competing interests of the Parties in these circumstances.

In accordance with these considerations, the Court amends the Scheduling Order (ECF No. 29) and grants Plaintiff leave as follows:

1. To propound one set of interrogatories, consisting of no more than twenty separate requests, no later than ten days from the date of this order (the "Order");

2. To propound one set of requests for production of documents, consisting of no more than twenty separate requests, no later than ten days from the date of the Order;

3. To propound one set of requests for admission, consisting of no more than twenty separate requests, no later than ten days from the date of the Order;

4.     To depose six of the individuals identified in Plaintiff's Motion no later than ninety days from the date of the Order;

5.     To serve no more than five third-party subpoenas to obtain documents no later than four weeks from the date of the Order; and

6.     To provide Rule 26(a)(2) disclosures for expert witnesses in the areas of (a) police practices and procedures and (b) Plaintiff's medical condition and the nature of the injuries she sustained as a result of the alleged assault by Defendant, no later than seventy days from the date of the Order.

Further, Defendant's request to depose Rodney Green is granted. All depositions permitted to be taken by this Order shall conform to the time limits and standards set forth in Fed. R. Civ. P. 30(d)(1) and D.COLO.LCivR. 30.1.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Modification of Scheduling Order to Reopen Plaintiff's Discovery and Expert Disclosures (ECF No. 95) is GRANTED IN PART;

2. The Court AMENDS the Scheduling Order (ECF No. 29) and GRANTS Plaintiff leave to conduct such discovery and within such time frames as set forth more fully *supra.*

3. Defendant's request to depose Rodney Green is GRANTED.

Dated this 20th day of June, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge