IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01939-WJM-KMT

BEVERLY ANN TWITCHELL,

      Plaintiff,

v.

STUART HUTTON,

      Defendant.

_____

# PROTECTIVE ORDER
_____

Pursuant to the Unopposed Motion for Entry of Protective Order filed by plaintiff, Beverly Ann Twitchell ("Twitchell"), the Court hereby orders as follows:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents disclosed or produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3. In order to be protected under this Protective Order, Twitchell and defendant, Stuart Hutton (collectively, "the Parties") must designate information as "CONFIDENTIAL INFORMATION" or as "ATTORNEYS EYES ONLY INFORMATION." CONFIDENTIAL

INFORMATION shall include information and documents in whatever format any Party reasonably believes contains or discloses the disclosing person's financial information, medical information, or other sensitive or currently valuable information that is (a) unavailable to the public, (b) not readily determinable from public sources, (c) generally treated as confidential by the disclosing person, and (d) of such a nature that its disclosure reasonably could have a serious adverse impact on the person producing it.  A Party shall make such designations only as to materials or testimony that that Party in good faith believes contains CONFIDENTIAL INFORMATION.  Any Party's failure to object to the designation as to any material or testimony shall not be deemed an admission that such material or testimony constitutes confidential material or is otherwise properly protectable under Fed. R. Civ. P. 26(c), or to result in a waiver of any privilege or protection, including, without limitation, the attorney-client privilege, that may apply to such material or testimony.  CONFIDENTIAL INFORMATION shall be used by the receiving Party or Parties solely for the purpose of conducting this litigation, pursuant to the terms and conditions of this Protective Order, and not for any other purpose whatsoever.

   4.  CONFIDENTIAL INFORMATION, without the consent of the person producing it or further Order of the Court, may be disclosed to the following persons only:

   a.  Attorneys actively working on the Action and their partners, associates, legal assistants, or other employees of such attorneys assisting in the prosecution or defense of the Action;

   b.  The Parties;

     c.     The Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in the Action (collectively, "Court Personnel");

     d.     Deponents, witnesses, or potential witnesses;

     e.     Outside experts or consultants (and their employees), employed or retained by any Party or his or her counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Action;

     f.     Any mediator in the Action; and

     g.     Other persons by written agreement of the Parties or by court order.

     5.     In addition to the restrictions set forth above, with respect to any documents or information relating to any Party or non-Party's performance evaluations, disciplinary or complaint records, training records, and Steamboat Springs Police Department policies and procedures, such records may be further designated as subject to an "attorneys eyes only" restriction. Documents designated as ATTORNEYS EYES ONLY INFORMATION may be disclosed only to the persons identified in Paragraphs 4(a), 4(c), 4(d), 4(e), 4(f), and 4(g) above.

     6.     This Protective Order shall not apply to any disclosure if (a) prior written consent to such disclosure has been obtained from counsel for the responding Party, or (b) authorization for such disclosure has been given by the Court. Depositions in which CONFIDENTIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in Paragraph 4 of this Protective Order. Depositions in which ATTORNEYS EYES ONLY INFORMATION will be disclosed shall be conducted only in the presence of persons identified in Paragraph 4 of this Protective Order, and any Party who did not produce the ATTORNEYS EYES ONLY INFORMATION shall leave the room in which the deposition is being taken while

the deponent is being asked about the ATTORNEYS EYES ONLY INFORMATION. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION may be offered in evidence at trial or at any Court hearing. The Parties shall redact Social Security numbers and, in the case of any law enforcement officer, the Parties shall redact personal addresses and phone numbers prior to presenting any document containing CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION at a deposition of any third party, at a hearing, as part of a court filing, or at trial.

7. Prior to disclosing any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION to any person listed above (other than a Party, counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a declaration in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such declarations shall be maintained by counsel authorizing the disclosure. The declarations of persons identified pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure may be inspected by counsel for any other Party upon reasonable request. The declarations of all other persons may be inspected by counsel after the conclusion of the Action (i.e., settlement, summary judgment, trial, and/or all appeals).

8. Documents shall be designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility and that does not cover any text or content of a document) the following notice: "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE

ORDER" or "ATTORNEYS EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER," as applicable, on each and every separate page or item of the CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, respectively, regardless of form, or on the face of any CD or DVD containing any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in electronic format.  Other produced documents that quote, summarize, or contain CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION must also be marked accordingly to acquire protection under this Order.  Any Party may designate as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION any documents or information that have been produced without such designation by the producing Party, within twenty-one (21) days of production of such documents or information, by producing to all Parties copies of the documents or information with the foregoing legend or by separately identifying such documents by document number.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-one (21) days after notice by the court reporter of the completion of the transcript.  Unless other arrangements are agreed upon in writing, the Parties shall treat all depositions as containing CONFIDENTIAL INFORMATION

or ATTORNEYS EYES ONLY INFORMATION for twenty-one (21) days following notice by the court reporter of the completion of the transcript.

10. No copies of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall be made except by or on behalf of counsel for one of the Parties in the Action for work product purposes or for review by persons identified in Paragraph 4 or Paragraph 5 of this Protective Order, as applicable. Any such copies shall be made and used solely for purposes of the Action.

11. A Party may object to the designation of particular CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by giving written notice to the Party designating the disputed information. (For purposes of this Protective Order, email shall be considered "written notice.") The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, as applicable, under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION

in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

12. In the event the Producing Party discloses two or more identical copies of a document of which at least one copy is designated CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION and at least one copy is not so designated, once such a discrepancy is actually discovered by the Receiving Party, all copies of the document shall be treated as being subject to the most restrictive designation applicable to such document.

13. The parties agree that the designation of any document as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION is not intended to be, and shall not be construed as, an admission that the document is relevant, admissible, not subject to an applicable privilege or protection, reasonably calculated to lead to the discovery of admissible evidence, or any evidence that the content of such document constitutes confidential information.

14. Any documents designated CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION submitted to the Court, including those documents used as exhibits to or incorporated in briefs, memoranda, transcripts, or testimony, or any other documents filed with the Court, shall be protected as follows:

a. <u>Materials Filed</u>. Any documents filed with or submitted to the Court that constitute, contain, or reveal CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, and which also meet the standards for filing under seal, shall be filed

with the Court under seal in accordance with the provisions of D.C.COLO.LCivR 7.2 and the Court's Electronic Case Filing Procedures, or any successor thereto, with the following stated conspicuously thereon: "Filed Under Seal, Contains Information Subject to Protective Order." All documents filed in this manner shall be maintained by the Clerk of Court under seal and shall be released only upon further Order of the Court.

  b. <u>Hearings and Trial</u>.  At any hearing before the Court, counsel shall in good faith attempt to avoid inadvertently disclosing any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.  If counsel believes it is necessary to disclose said materials during a hearing or trial, counsel shall first confer with opposing counsel and request the Court's guidance as to an appropriate method to preserve the confidentiality of such documents.

  c. <u>Appeal</u>.  In connection with any appeal in the Action, all documents designated CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall be subject to the provisions of this Protective Order, and shall be filed with the United States Court of Appeals and/or the United States Supreme Court under seal and in accordance with the applicable rules of those courts.

  15. Nothing in this Protective Order shall preclude a Party from seeking, by written agreement of the signatories hereto or by Court Order, further, greater, or lesser protection with respect to documents than is provided for in this Protective Order, or other modification of the Protective Order.

  16. This Protective Order may be applicable to documents provided by any non-party from whom discovery is sought in the Action.  Such non-party may obtain the protections of the

Protective Order by giving written notice to the Parties that its provision of documents is subject to the Protective Order. To the extent that any non-party produces documents in the Action that contain confidential information of a Party to this Action, that Party may designate the information CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by providing written notice to all Parties who received the documents within twenty-one (21) days after the disclosure. Until the expiration of the twenty-one (21) day period, all documents and information produced by a non-party shall be treated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

17. Nothing in this Protective Order shall be construed as a waiver of a Party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any documents as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any party of the right to object to the designation of documents as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

18. Nothing in this Protective Order shall be construed to limit in any way a party's use of its own CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, including disclosure of such materials.

19. The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION to the receiving Party shall not preclude the responding Party from later designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION. In the event that the responding Party inadvertently fails to stamp or otherwise to designate information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION at the

time of its disclosure, the responding Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

20.     Within forty-nine (49) days from the conclusion of the Action (i.e., settlement, summary judgment, trial, and/or all appeals), unless other arrangements are agreed upon in writing, the receiving Party and his or her counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in the possession of the counsel for receiving Party, and all copies thereof, produced by the responding Party or otherwise obtained from the responding Party, shall be promptly returned to the responding Party, or, at the written request of the responding Party, destroyed, except such copies, summaries, and excerpts thereof as may be in the files of the Court or incorporated as part of briefs, motions, or similar court papers, and except such summaries or excerpts incorporated as part of work product prepared by counsel to the Action.

21.     Nothing in this Order shall preclude any Party, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in the Action, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in the Action and designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

22.     Nothing in this Order shall preclude any Party to the lawsuit or their attorneys: (a) from showing a document designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION to an individual who either prepared or reviewed

the document prior to the filing of the Action, (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files that the Party itself has designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, or (c) from showing a Party or a witness any document designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by that Party or witness.

23.     The production of any document or materials, or the presentation of any testimony, by the Parties under this Protective Order shall be without prejudice to any subsequent claim that such material is protected from discovery by reason of law, statute, or privilege.  No Party shall assert in the Action or after the conclusion of the Action that the disclosing Party has waived any rights or privilege by producing CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in the course of the Action. Furthermore, no Party shall assert after the conclusion of the Action that production of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in the Action constitutes a waiver of a Party's right to assert the material is CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in any concurrent and/or subsequent litigation, arbitration, or proceeding.

24.     Upon being provided with notice that a Party has produced documents subject to a claim of privilege or protection as attorney work product ("Privileged Documents"), which notice shall be provided within a reasonable time following production of Privileged Documents, the receiving Party shall promptly return, sequester, or destroy, in accordance with the producing Party's request, all Privileged Documents, and any copies or reproductions thereof (physically or

electronically imaged or otherwise) that may be produced by the producing Party, except for any such Privileged Documents the Court determines the receiving Party may retain. If the Party receiving the Privileged Documents believes in good faith that any such Privileged Documents are not protected under a privilege or as work product, or that such protections have been waived, the receiving Party may, within seven (7) days of receipt of the producing Party's demand for return of the Privileged Documents, provide the producing Party with a written notice stating, with specificity, why the receiving Party believes he or she need not return the Privileged Documents to the producing Party. The producing Party may file an appropriate motion, no later than fourteen (14) days following receipt of the receiving Party's written notice, requesting that the Court determine whether the receiving Party must return the Privileged Documents to the producing Party. During the pendency of such a motion, the receiving Party may not make any use of the Privileged Documents. If the producing Party fails to file such a motion within the prescribed time, the Privileged Documents need not be returned to the producing Party. In connection with a motion filed under this provision, the producing Party shall bear the burden of establishing by a preponderance of the evidence that the Privileged Documents are protected under a privilege or the work product doctrine, and the receiving Party shall bear the burden of establishing by a preponderance of the evidence that such protection(s) have been waived.

25.     The receiving Party and his or her agents agree to not use, copy, transfer, or distribute any information acquired from the Privileged Documents.

26.     The receiving Party agrees that the producing Party's inadvertent production of any Privileged Documents shall not constitute a waiver of any relevant protection, including

protection as attorney-client privileged materials or attorney work product, applicable to the Privileged Documents.

27. By signing below, counsel represent and warrant that they have discussed this Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Protective Order. In the event that additional individuals or entities become parties to the Action, such Parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, or any portion thereof.

28. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall be treated at trial.

29. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 4th day of September, 2012.

BY THE COURT:

_____
United States Magistrate Judge

**EXHIBIT A**
**TO**
**PROTECTIVE ORDER**

**DECLARATION**

I, _____, declare under penalty of perjury that the following is true and correct:

I have read the Protective Order in *Beverly Ann Twitchell v. Stuart Hutton*, United States District Court for the District of Colorado, Civil Action No. 10-cv-01939-WJM-KMT.  A copy of the Protective Order is attached to this Declaration.

 1. I have been informed by _____, counsel for _____, that all materials marked as "CONFIDENTIAL INFORMATION" or as "ATTORNEYS EYES ONLY INFORMATION" that may be provided to me in connection with my role as a fact or an expert witness in this matter have been designated as "CONFIDENTIAL INFORMATION" or as "ATTORNEYS EYES ONLY INFORMATION," as defined in the Protective Order.

 2. I promise that I have not divulged, and will not divulge, or undertake to divulge to any person or recording device any "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" shown or told to me except as authorized in the Protective Order, so long as such "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" is subject to the Protective Order.  I will not use the "CONFIDENTIAL INFORMATION" or the "ATTORNEYS EYES ONLY INFORMATION"  for any purpose other than this litigation, so long as such "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" is subject to the Protective Order.

 3. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

 4. I will abide by the terms of the Protective Order.

                _____
                [Name]

                Address: _____
                _____

                Telephone No.: _____
                Email Address: _____